ASA B. WARD AND SOLOMON MAKEPEACE, ADMINISTRA-TORS, ETC., OF LODEMA WARD, DECEASED, APPELLANTS, v. ELNATHAN PLATO AND ESTHER W. PLATO, RESPOND-ENTS, IMPLEADED, ETC.

*Evidence — admissibility of the testimony of a party as to personal transactions with a deceased person — Code of Civil Procedure, § 829 — trial by jury —when the plaintiff is not entitled to it, in equity cases.*

Under section 829 of the Code of Civil Procedure a party cannot be examined as a witness in his own behalf against the administrator of a deceased person, as to any personal transaction or communication had by him with the deceased, unless the administrator has been examined in his own behalf concerning the *same* transaction or communication.

In an action, brought by the administrator of a deceased person to recover articles of personal property alleged to form part of his estate, where equitable relief by way of an injunction and the appointment of a receiver is demanded, the plaintiff has no right to a trial by jury, unless the defendant consent thereto, unless issues be framed and settled in accordance with the usual practice in equity cases.

APPEAL from a judgment in favor of the defendants entered on a verdict rendered at the Jefferson Circuit, and from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

*Wayland F. Ford*, for the appellants. The general words at the end of section 829 of the Code of Civil Procedure, qualify not only the clause immediately preceding, separated by a comma, but the next preceding clause also separated by a comma. (*Lambert* v. *The People*, 76 N. Y., 227 ; *Coxson* v. *Doland*, 2 Daly, 66 ; Pothier on Obligations, part 1, chap. 1, § 102; *Browning* v. *Wright*, 2 Bosanquet & Puller, 12 ; *Petit* v. *Geesler*, 58 H. Pr., 195.)

*Anson Harder*, for the respondents.

SMITH, J. :

The complaint alleged that the plaintiffs were duly appointed by the surrogate of Jefferson county administrators of the personal estate of Lodema Ward, late of Plessis, in said county, deceased, intestate, and that, as such, they were entitled to the possession of all her personal property, among which was a promissory note for $500 made by the defendant Benson; a promissory note for about $400 made by the defendants Benson and Plato; a gold watch and chain of the value of forty-five dollars, and three gold rings of the value of three dollars. The complaint also alleged that during her last sickness the deceased was *non compos mentis*, and had not capacity to dispose of her property; that the defendant Esther W. Plato, the wife of Elnathan, acted as her nurse during her last sickness, and that she and her husband in some way obtained possession of said notes, watch, chain and rings, and refused to deliver them to the plaintiffs on demand after their appointment. The complaint also alleged that the defendants Plato are insolvent; that the defendants threaten that the notes will be so disposed of that the plaintiffs will never get possession of them; that the defendant Benson, who is alone responsible, threatens to pay the note given by him, individually, to whomsoever may have possession of it; and that there is danger that the property so in the possession of the defendants Plato will be removed beyond the jurisdiction of the court, or lost or destroyed. The relief demanded is that the plaintiffs recover of the defendants Plato the possession of said property, including the notes, and that said defendants be required to surrender the possession of the same; that a receiver be appointed *pendente lite;* that the defendant Elnathan Plato be restrained from selling, etc., any of said property, and from collecting or receiving pay on either of said notes; that the defendant Benson be restrained from paying said notes to any one, and that a temporary injunction issue. The answer alleged that the deceased did not die intestate, but left a will, and it set up a gift, *causa mortis*, of the $500 note to the defendant Elnathan Plato, for the use of her nephew, James M. Hart, an infant, then living with Plato; of the other note to Plato, as his, and of the watch, chain and rings to Mrs. Plato.

At the trial, the parties having agreed not to give any evidence

as to the mental condition of the deceased, the court ruled that the case was triable by a jury. No question arises upon this appeal as to the correctness of that ruling, the defendants alone having excepted to it.

Each of the administrators was called by the plaintiffs as a witness. Makepeace testified to a demand made of Mrs. Plato for the property, and Ward testified that he saw the watch and chain in the possession of the deceased shortly before her death.

After the plaintiffs rested, the defendants called Elnathan Plato as a witness, and asked him whether he had a conversation with the deceased in November or October (she having died in November). The plaintiffs objected to the witness testifying to any personal transaction between himself and the deceased, under section 829 of the Code. The court overruled the objection and the plaintiffs excepted. The witness then gave testimony tending to show a gift to him by the deceased of the two notes referred to, a few days before her death. The defendants then called the defendant Esther W. Plato, as a witness, and asked her to state the transaction between herself and the deceased respecting the watch. The like objection taken by the plaintiffs was overruled and the plaintiffs excepted. The witness then gave evidence tending to show that the watch was given and delivered to her by the deceased. At a subsequent stage of the trial the defendants' counsel offered and consented that the testimony of Plato should stand in the case only as evidence in favor of his codefendant, Mrs. Plato, and that the evidence of Mrs. Plato should stand only as evidence in favor of her husband. The appeal book states that the plaintiff's counsel declined to accept the proposition, and the court made no ruling and gave no intimation upon the subject.

It is now contended on the part of the respondents, and we understand it to have been held at the trial, that the administrator Ward, having testified on the part of the plaintiffs to a personal transaction with the deceased, to wit, to having seen the watch and chain in her possession shortly before her death, the defendants were made competent thereby to testify to any personal transaction between them and the deceased. Section 829 provides that "a party * * * shall not be examined as a witness in his own behalf or interest * * * against the * * * administrator * * *

of a deceased person, * * * concerning a personal transaction or communication between the witness and the deceased person; * * * except where the * * * administrator * * * is examined in his own behalf, or the testimony of the * * * deceased person is given in evidence, concerning the same transaction or communication." The ruling at the Circuit is sought to be sustained upon the idea that the words " concerning the same transaction," etc., at the end of the section, relate only to the next preceding clause beginning with the word " or." We are not prepared to assent to that construction. We think the words in question refer as well to the first branch of the clause commencing with the word " except," and that so far as this case is concerned, the clause should be read, " except where the * * * administrator * * * is examined in his own behalf * * * concerning the same transaction." In our opinion the learned judge erred in overruling the objection.

As there must be a new trial, it is due to the parties to say that, in our judgment, so long as the plaintiffs demand equitable relief by way of an injunction and the appointment of a receiver, they have no right to a trial by jury, against the objection of the defendants, unless issues shall be ordered and framed according to the usual practice in equity cases.

The judgment should be reversed and new trial granted, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.